IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIELLE HARPER, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>BESTWAY USA, INC.<br><br>       Defendant. | Civil Action No.:  2:24-cv-5193<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Danielle Harper, ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits the following Class Action Complaint against Defendant Bestway USA, Inc. ("Bestway" or "Defendant"). Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff, upon information and belief based on, among other things, the investigation of counsel, and review of public documents.

**PRELIMINARY STATEMENT**

1. When a manufacturer sells a product, it has a duty to ensure that the product functions properly and safely for its advertised use and is free from defects. When a manufacturer discovers a defect, it must explicitly disclose the defect and make it right or cease selling the product. When a product manufacturer provides a warranty, it must stand by that warranty. This case arises from Defendant's breach of its duties and warranties.

1

2. Plaintiff brings this action on behalf of herself, and all other similarly situated persons who purchased any of Bestway's AirJet and HydroJet Spa Pumps[1] ("Recalled Spa Pumps", "Class Spa Pumps", or "Spa Pumps"):

3. This recall only includes AirJet and HydroJet Spa Pump model numbers P05332, P05339, P05711, P05807, P07000, P07001, P05511, P07034, and P07572. "Bestway" and the model number are printed on the label on the side or back of the spa pump.[2]

4. This action is brought to remedy various violations of law in connection with Defendant's manufacturing, marketing, advertising, selling and warranting of the Recalled Spa Pumps.

5. Specifically, these Recalled Spa Pumps have a dangerous defect that allows the Spa Pump to overheat causing the plastic housing to ignite. ("the Defect").

6. On September 12, 2024, Bestway recalled nearly 866,000 of the above referenced Recalled Spa Pumps.[3]

7. The allegations herein are based on personal knowledge as to Plaintiff's own experience and are made as to other matters based on an investigation by counsel, including analysis of publicly available information.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, the relevant portion of which is codified at 28 U.S.C. §1332(d). The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of

---

[1] https://www.cpsc.gov/Recalls/2024/About-866000-AirJet-and-HydroJet-Spa-Pumps-Recalled-Due-to-Fire-Hazard-One-Death-Reported-Manufactured-by-Bestway-and-Sold-with-SaluSpa-Coleman-and-Hydro-Force-Spa-Liners
[2] *Id.*
[3] *Id.*

2

interests and costs, and this is a class action in which more than two-thirds of the proposed Plaintiff class, on the one hand, and Defendant, on the other, are citizens of different states.

9. This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself to the laws, rights, and benefits of the State of Pennsylvania. Defendants are engaged in activities in Pennsylvania including (i) directly and/or through its parent companies, affiliates and/or agents providing services throughout this forum (ii) conducting substantial business in this forum; and/or (iii) engaging in other persistent courses of conduct and/or deriving substantial revenue from services provided in Pennsylvania and in this judicial District.

10. Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. The Defendant sells and distributes their Spa Pumps throughout the United States and in this District.

## PARTIES

11. Danielle Harper is a citizen of the State of South Carolina and resides in Longs, South Carolina. Longs is located within Horry County, South Carolina.

12. Defendant Bestway Inc. is a Delaware corporation with its principal place of business in Chandler, Arizona. Bestway's principal place of business is 3435 S. McQueen Road, Chandler, Arizona 85286.

13. Defendant designs, manufactures, markets, distributes, services, repairs, and sells Spa Pumps, including the Recalled Spa Pumps, nationwide. Defendant is the warrantor and distributor of the Recalled Spa Pumps in the United States.

14. Defendant, through various entities, markets, distributes, warrants, and sells Spa Pumps, including the Recalled Spa Pumps, in multiple locations across the United States.

3

## FACTUAL ALLEGATIONS

15. Plaintiff purchased her AirJet on November 11, 2022, from Amazon.com

16. Plaintiff's Spa Pump has a model number that is included within Defendant's Recall.[4]

17. Based on Bestway's active and persistent promotions touting the quality of its Spa Pumps and her admiration of Bestway Spa Pumps, Plaintiff considered Bestway a quality company with a strong reputation for producing reliable Spa Pumps.

18. In addition to Bestway's reputation through its marketing and promotion, Plaintiff decided on the specific model because she believed it was a high-quality Spa Pump.

19. Plaintiff has never been informed of any recalls or defects related to her Spa Pump by anyone affiliated with Bestway and has learned of the defects on social media.

20. Since May of 2021, Defendant has designed, manufactured, distributed, and sold the Recalled Spa Pumps. Defendant has sold, directly or indirectly, through dealers and other retail outlets, over 866,000 Recalled Spa Pumps in South Carolina and nationwide.[5]

21. Mentioned earlier and discussed in more detail below, the Recalled Spa Pumps contain a design defect that causes a serious safety concern.

22. Assuming that the Recall was effective and offered a true resolution, Plaintiff is still burdened with a Spa Pump that has been devalued by Defendant's actions because the value of a Spa Pump with a known and dangerous defect is worth much less than a Spa Pump with a properly working and safe pump.

## CLASS ACTION ALLEGATIONS

---

[4] *Id.*
[5] *Id.*

4

23. Plaintiff brings this action on behalf of herself and as a class action, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class and subclass are defined as follows:

**Nationwide Class:** All persons in the United States who purchased any recalled Bestway Spa Pump from May 2021 to May 2024.

**South Carolina Subclass:** All persons from South Carolina who purchased any recalled Bestway Spa Pump from May 2021 to May 2024.

**Pennsylvania Subclass:** All persons from Pennsylvania who purchased any recalled Bestway Spa Pump from May 2021 to May 2024.

24. Together, the Nationwide Class, South Carolina Subclass and Pennsylvania Subclass will be collectively referred to as the "Class" or "Classes." Members of these Classes will be referred to as "Class Members".

25. Excluded from each of the putative classes are any person who falls within the definitions if the person is (i) an employee or independent contractor of Defendant; (ii) a relative of an employee or independent contractor of Defendant; (iii) an employee of the Court where this action is pending.

26. The proposed class definitions in ¶ 23 as limited by ¶ 26 may be amended or modified from time to time.

27. The particular members of the (i) Nationwide Class, (ii) South Carolina Subclass and (iii) Pennsylvania Subclass are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendant or its affiliates and agents and from public records.

28. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

29. The Proposed Classes are so numerous that the joinder of all members is impracticable.

30. This action has been brought and may be properly maintained on behalf of the Classes proposed herein under Federal Rule of Civil Procedure 23.

31. **Numerosity: Fed. R. Civ. P. 23(a)(1)** Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information is in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, Electronic Mail, internet postings, social media, and/or published notice.

32. **Typicality: Fed. R. Civ. P. 23(a)(3)** Plaintiff's claims are typical of the claims of the Class because Plaintiff purchased a Spa Pump that contained the same Defect found in all other Recalled Spa Pumps.

33. **Adequacy: Fed. R. Civ. P. 23(a)(4)** Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the Class that she seeks to represent. Plaintiff has retained counsel competent and highly experienced in complex and class action litigation, and she intends to prosecute this action vigorously. The interests of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

34. **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** A class action is superior to all other available means for the fair and efficient adjudication of the claims of Plaintiff and

Class Members, and questions of law and fact common to all Class Members predominate over questions affecting only individual class members. Class Members can be readily identified and notified based on, inter alia, Defendant's business records or other sources.

35. **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** Common Questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class Members. These common legal and factual questions include, but are not limited to:

a. Whether the Bestway Spa Pumps designed and sold by Defendant possess a material defect;

b. Whether the Defect creates an unreasonable fire or burn risk;

c. Whether Defendant knew or should have known that the Bestway Spa Pumps possessed the Defect at the time of sale;

d. Whether Defendant omitted to disclose the Defect;

e. Whether Defendant concealed the Defect, once it knew of the defect;

f. Whether Defendant breached express warranties relating to the Bestway Spa Pumps;

g. Whether Defendant breached implied warranties of merchantability relating to the Bestway Spa Pumps;

h. Whether Defendant violated the Magnusson-Moss Warranty Act;

i. Whether Plaintiff and Class Members are entitled to damages;

j. Whether Plaintiff and Class Members are entitled to replacement or repair of their defective Bestway Spa Pumps;

k. Whether Plaintiff and Class Members are entitled to restitution of the purchase price they paid for their defective Bestway Spa Pumps; and,

l. Whether Plaintiff and Class Members are entitled to other equitable relief, including an injunction requiring that Defendant engage in a corrective notice campaign and/or a recall.

## CAUSES OF ACTION

### COUNT I
### BREACH OF EXPRESS WARRANTY

36. Plaintiff incorporates paragraphs 1-35 as if fully set forth herein.

37. Plaintiff brings this count on behalf of herself and the Classes.

38. Plaintiff and other Class Members formed a contract with Defendant at the time they purchased their Recalled Spa Pumps. The terms of the contract include the promises and affirmations of fact and express warranties made by Defendant.

39. The terms of the contract include the promises and affirmations of fact made by Defendant on the Recalled Spa Pumps' packaging and through marketing and advertising, as described above.

40. This labeling, marketing, and advertising constitute express warranties and became part of the basis of the bargain and are part of the standardized contract between Plaintiff and the members of the Class and Defendant.

41. As set forth above, Defendant purports through its advertising, labeling, marketing, and packaging, to create an express warranty that the Recalled Spa Pumps are safe for their intended use.

42. Plaintiff and the members of the Class performed all conditions precedent to Defendant's liability under this contract when they purchased the Recalled Spa Pumps.

43. Defendant breached express warranties about the Recalled Spa Pumps and their qualities because Defendant's Recalled Spa Pumps contained defects and the Recalled Spa Pumps do not conform to Defendant's affirmations and promises described above.

44. Plaintiff and each of the members of the Class would not have purchased the Recalled Spa Pumps had they known the true nature of the Defect.

45. As a result of Defendant's breach of warranty, Plaintiff and Class Members suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

46. Plaintiff suffered injury through Defendants conduct in that she suffered economic loss and purchased a Spa Pump that is now worthless and unsafe.

47. Plaintiff also suffered economic loss in reference to the value of her Spa Pump.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

48. Plaintiff incorporates Paragraphs 1-35 as if fully set forth herein.

49. Plaintiff brings this count on behalf of herself and the Classes.

50. Defendant is a merchant and was at all relevant times involved in the distributing, warranting, and/or selling of the Recalled Spa Pumps.

51. The Recalled Spa Pumps are "goods" under the relevant laws, and Defendant knew or had reason to know of the specific use for which the Recalled Spa Pumps, as goods, were purchased.

52. Defendant entered into agreements with consumers to sell the Recalled Spa Pumps to be used by Plaintiff and Class Members for personal use.

53. The implied warranty of merchantability included with the sale of each Class Spa Pump means that Defendant guaranteed that the Recalled Spa Pumps would be fit for the ordinary purposes for which Spa Pumps are used and sold and were not otherwise injurious to consumers. The implied warranty of merchantability is a critical part of the basis for the benefit of the bargain between Defendant, Plaintiff, and the Class Members.

54. Defendant breached the implied warranty of merchantability because the Recalled Spa Pumps are not fit for their ordinary purpose. After all, Defendant did not indicate that the Recalled Spa Pumps would contain a hazardous overheating Defect.

55. Given that Plaintiff and Class Members are unable to safely use the Recalled Spa Pumps without risk of severe burns or injury, the Recalled Spa Pumps are not fit for their particular purpose.

56. Defendant's warranty expressly applies to the purchaser of the Recalled Spa Pumps, creating privity between Defendant and Plaintiff and Class Members.

57. Privity is not required because Plaintiff and Class Members are the intended beneficiaries of Defendant's warranties and sales. Defendant's warranties were designed for and intended to benefit the consumer only, including Plaintiff and Class Members.

58. Defendant had been provided sufficient notice of its breaches of implied warranties associated with the Recalled Spa Pumps. Defendant was put on actual notice of its breach through the contract between Plaintiff and Class Members and Defendant, and its review of consumer complaints as well as Defendant's own recall.

59. Had Plaintiff, Class Members, and the consuming public known that the Recalled Spa Pumps would not be provided with proper pumps, they would not have purchased the Recalled Spa Pumps or would have paid less for them.

60. As a direct and proximate result of the foregoing, Plaintiff and the Classes suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

61. Plaintiff suffered an injury in that she purchased a Spa Pump that is worthless. For all intents and purposes, Plaintiff's Spa Pump is now a notoriously unsafe Spa Pump.

10

62. Plaintiff also suffered economic loss in reference to the value of her Spa Pump. As a result of Defendant's Recall, Plaintiff's Spa Pump's resale value is now diminished.

63. Plaintiff has suffered damages in that Plaintiff has been inconvenienced by Defendant's Recall and accompanying refund or replacement. Plaintiff did not bargain for, or pay for, a Spa Pump with a hazardous overheating defect.

## COUNT III
## VIOLATION OF THE MAGNUSON MOSS WARRANTY ACT (15 U.S.C. § 2301 ET SEQ.)

64. Plaintiff incorporates Paragraphs 1-35 as if fully set forth herein.

65. Plaintiff is a "consumer" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ET SEQ ("MMWA").

66. Defendant is a "supplier" and "warrantor" with the meaning of the MMWA.

67. The Recalled Spa Pumps are "consumer products" within the meaning of the MMWA.

68. 15 U.S.C. § 2301(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

69. Defendant's express warranties are written warranties within the meaning of the MMWA.

70. Defendant breached its warranties by offering for sale and selling the Class Spa Pumps, which were by design and construction defective and unsafe due to the Recall.

71. Defendant's actions subjected Plaintiff and the Class to danger as well as monetary damages in that the Recalled Spa Pumps are inherently worth less compared to their value had the Recalled Spa Pumps been free of the overheating defect.

11

72. Additionally, Plaintiff and the Class Members suffered damages in that they have been greatly inconvenienced by this Recall.

73. Defendant has breached and continues to breach its written and implied warranties of safety and reliability, thereby damaging Plaintiff and the Classes, when the Spa Pumps fail to perform due to the Defect.

74. As a result of these breaches, Plaintiff and the Classes have suffered damages.

75. Plaintiff and the Classes seek full compensatory, punitive, and consequential damages as allowed by law, and any other relief to which Plaintiff and the Classes may be entitled.

76. Plaintiff and the Classes suffered injury through Defendant's conduct in that Plaintiff and the Classes are now owners of Spa Pumps that are worth significantly less, given the Defect and the notoriety therein.

## COUNT IV
## NEGLIGENT DESIGN DEFECT

77. Plaintiff incorporates Paragraphs 1-35 as if fully set forth herein.

Plaintiff brings this claim against Defendant on behalf of herself and the Classes.

78. Defendant owed Plaintiff and the Classes a duty to reasonably and safely design, manufacture, market, and sell the Recalled Spa Pumps.

79. Defendant breached this duty as the design and manufacture of the Recalled Spa Pumps were defective, which caused the Spa Pumps to not be fit or suitable for their intended purposes.

80. Additionally, Defendant's defective design caused monetary damages to Plaintiff and the Classes as the Recalled Spa Pumps now are worth less compared to the Class Spa Pump's value prior to the existence of the Defect, given the notoriety of the Defect.

81. Defendant did not exercise due care in the production of the Recalled Spa Pumps. Defendant's design horribly malfunctions, and many other mechanisms in all sorts of similar Spa Pumps that exist do not have this Defect.

82. Plaintiff suffered injury through Defendant's conduct in that she suffered economic loss and purchased a Spa Pump that is now worthless and unsafe.

83. The design of the Recalled Spa Pumps' defect is unacceptable as other Spa Pumps produced by other companies and manufacturers work properly and do not have this same defect. In fact, Defendant has produced other Spa Pumps that do not have defects similar to the Recalled Spa Pumps.

## COUNT V
## FRAUD BY OMISSION OR FRAUDULENT CONCEALMENT

84. Plaintiff incorporates Paragraphs 1-35 as if fully set forth herein.

85. Plaintiff brings this count on behalf of herself and the Classes.

86. Defendant knew that the Recalled Spa Pumps suffered from an inherent defect and were defectively designed and/or manufactured, and were not suitable for their intended use. Defendant designed, engineered, and produced the Recalled Spa Pumps, as such, they knew of the faulty design contained within the Recalled Spa Pumps as Defendant in fact created their own Defect.

87. Defendant concealed from and failed to disclose to Plaintiff and Class Members the defective nature of the Recalled Spa Pumps.

88. The fact that Defendant's Recalled Spa Pumps contained the overheating Defect is a material fact as the pump mechanism is the most critical device on Spa Pumps.

89. Defendant was knowledgeable of the falsity of the safety of the pump and/or recklessly disregarded the truth or falsity of the dangerous nature of the Defect.

90. Defendant intended for Plaintiff to act upon such falsity as part of Defendant's commercial operations to sell Spa Pumps.

91. Plaintiff and Class Members would not have purchased the Recalled Spa Pumps had they known of such Defect. Plaintiff and the Class did not know of such Defect and relied upon the false presentation of safety in their purchases of the Recalled Spa Pumps.

92. Plaintiff did not know, and could not have discovered the Defect, unless Plaintiff were to disassemble the Class Spa Pump and inspect the mechanism throughout the Recalled Spa Pumps. This possibility exists outside of reality as it is highly improbable that any Spa Pump retailer would allow for such intensive inspection.

93. Defendant was under a duty to Plaintiff and Class Members to disclose the defective nature of the Recalled Spa Pumps because:

   a. Defendant was in a superior position to know the true state of facts about the Defect contained in the Recalled Spa Pumps;

   b. The omitted facts were material because they directly impact the safety of the Class Spa Pumps;

   c. Defendant knew the omitted facts regarding the defect were not known to or reasonably discoverable by Plaintiff and Class Members;

   d. Defendant actively concealed the defective nature of the Recalled Spa Pumps from Plaintiff and Class Members.

94. The facts concealed or not disclosed by Defendant to Plaintiff and the other Class Members are material in that a reasonable person would have considered them to be important in deciding whether to purchase or lease Defendant's Recalled Spa Pumps or pay a lesser price for them. Whether a Spa Pump becomes dangerous and inoperable is a material safety concern, given the inherent burn risk.

95. Had Plaintiff and Class Members known about the defective nature of the Recalled Spa Pumps, they would not have purchased the Recalled Spa Pumps or would have paid less for them.

96. Defendant concealed, or failed to disclose, the true nature of the design and/or manufacturing defects contained in the Recalled Spa Pumps to induce Plaintiff and Class Members to act thereon. Plaintiff and the other Class Members justifiably relied on Defendant's omissions to their detriment. This detriment is evident from Plaintiff's and Class Members' purchase of Defendant's defective Recalled Spa Pumps.

97. As a direct and proximate result of Defendant's misconduct, Plaintiff and Class Members have suffered and will continue to suffer actual damages. Plaintiffs and the Class reserve their right to elect either to (a) rescind their purchase of the Defective Spa Pumps and obtain restitution or (b) affirm their purchase of the Defective Spa Pumps and recover damages.

98. Defendant's acts were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and the Class's rights and well-being to enrich Defendant. Defendant's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

99. Plaintiff suffered injury through Defendant's conduct in that she suffered economic loss and purchased a Spa Pump that is now worthless and unsafe.

100. Plaintiff also suffered economic loss in reference to the value of her Spa Pump. As a result of Defendant's Recall, Plaintiff's Spa Pump is now worthless and unsafe.

## COUNT VI
**UNJUST ENRICHMENT**

101. Plaintiff incorporates paragraphs 1-35 as if fully set forth herein.

102. Plaintiff brings this count on behalf of herself and the Classes.

103. Plaintiff, and the other members of the Classes, conferred benefits on Defendant in the form of monies paid to purchase Defendant's worthless Recalled Spa Pumps.

104. Defendant voluntarily accepted and retained this benefit. Defendant has knowledge and appreciation of this benefit, which was conferred upon it by and at the expense of Plaintiff and the Class Members.

105. Because this benefit was obtained unlawfully, namely by selling and accepting compensation for the Recalled Spa Pumps without providing safe pumping mechanisms in the Recalled Spa Pumps, it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

106. The circumstances, as described herein, are such that it would be inequitable for Defendant to retain the ill-gotten benefit without paying the value thereof to Plaintiff and the Class Members.

107. Defendant manufactured, marketed, and sold the Recalled Spa Pumps under the guise of these Spa Pumps being safe and operable, without defect. Instead, Defendant sold Spa Pumps that were deadly fire hazards and burn risks.

108. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Classes is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Classes for its unjust enrichment, as ordered by the Court.

## COUNT VII
## NEGLIGENCE

139. Plaintiff incorporates paragraphs 1-35 as if fully set forth herein.

140. Plaintiff brings this count on behalf of herself and the Classes.

141. Defendant caused Recalled Spa Pumps to be sold, distributed, marketed, promoted, and/or used by Plaintiff and the Proposed Classes.

142. At all times relevant to this litigation, Defendant had a duty to exercise reasonable care in the design, research, marketing, advertisement, supply, promotion, packaging, sale, and distribution of Recalled Spa Pumps, including the duty to take all reasonable steps necessary to provide effective pumping mechanisms in the Recalled Spa Pumps.

143. Defendant breached this duty by providing Recalled Spa Pumps with an overheating Defect. For some time, Defendant has produced other Spa Pumps without this Defect, which is evidence that Defendant did not exercise proper care in producing the Recalled Spa Pumps.

144. Accordingly, at all times relevant to this litigation, Defendant knew or, in the exercise of reasonable care, should have known that not providing effective pump mechanisms could cause or be associated with Plaintiff's and Class Members' injuries.

145. Defendant's alleged negligence included:

   a. Selling and/or distributing the Recalled Spa Pumps while negligently and/or intentionally not providing effective pumping mechanisms; and

   b. Systematically failing to provide consumers with safe pumps in multiple states.

146. As a direct and proximate result of Defendant's negligence, Plaintiff and the Classes have suffered and will continue to suffer actual monetary damages.

147. But for Defendant's negligent design, production, and marketing of Recalled Spa Pumps, Plaintiff and the Classes would not be injured as they would not have purchased the worthless Recalled Spa Pumps.

148. Plaintiff's and Class Members' injuries were foreseeable as Defendant had received complaints from Plaintiff and Class Members regarding failure to provide a safe and effective pumping mechanism in the Recalled Spa Pumps at the time of purchase of Defendant's Product.

149. Further, it is foreseeable that a Spa Pump with an overheating defect would be worthless as it would be a massively dangerous Spa Pump to use.

150. As a result of Defendant's breach, Plaintiff and the Classes were harmed in that they now own a useless Spa Pump with a dangerous defect given Defendant's confounding lack of due care in its design and product.

151. Plaintiff and the Class Members seek actual damages, attorney's fees, costs, and any other just and proper relief available.

152. Plaintiff suffered injury through Defendants conduct in that she suffered economic loss and purchased a Spa Pump that is now worthless and unsafe.

153. Plaintiff also suffered economic loss in reference to the value of her Spa Pump. As a result of Defendant's Recall, Plaintiff's Spa Pumps are worthless and unsafe.

154. Plaintiff also suffered damages in that Plaintiff and the Classes have been greatly inconvenienced by Defendant's Recall.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, on behalf of herself and members of the Classes, requests that the Court enter judgment in their favor and against Defendant, awarding as follows:

A. Certifying the Class as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

B. Declaring that Defendant is financially responsible for notifying the Proposed Classes Members of the pendency of this action;

C. Award all actual, general, special, incidental, statutory, and consequential damages to which Plaintiff and Class Members are entitled;

D. Instituting an injunction requiring that Defendant engage in a corrective notice campaign and/or a recall;

E.  Scheduling a trial by jury in this action;

F.  Awarding pre and post-judgment interest on any amounts awarded, as permitted by law;

G.  Costs including reasonable attorneys' fees, court costs, and other litigation expenses; and,

H.  Any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all those similarly situated, hereby requests a jury trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable.

Dated: September 27, 2024                                             Respectfully Submitted,


*/s/ Stuart J. Guber*
Stuart J. Guber, Esq. PA Bar No. 60772
Paul J. Doolittle, Esq. (*Pro Hac Vice forthcoming*)
**POULIN | WILLEY ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
Email:stuart.guber@poulinwilley.com
paul.doolittle@poulinwilley.com
cmad@poulinwilley.com